Good morning, Your Honor, and may it please the Court, Philip Stillman for the appellants. This is obviously all related, but I think that there's a very simple issue here, a couple of very simple issues here that the Court can resolve this appeal on. The first is that if the Court has to take a look at the findings of fact that support the Bankruptcy Court's decision to issue the injunction in the second instance. In the first instance, when presented with the same exact facts, the Bankruptcy Court found that there was, that the- I thought they weren't the same exact facts because the first was before he sold the Tamarindo Power property. The second was after. Well, that's actually not a new fact that goes to the injunction because that was in another case. The facts in this case were, I mean, that doesn't affect the likelihood of success on the merits, Your Honor. And in this case- It doesn't affect the irreparable harm, for example. And it doesn't affect the irreparable harm because that was the subject of a separate lawsuit, as the Court is well aware. And in this case, in response to the first motion for an injunction, the Court denied that injunction, saying that there's no ability to succeed on the merits and that the balance of harm has not been shown to favor the moving party, two of the critical issues that have to be made in, before a court will enter any kind of an injunction. Now, the only difference between the first injunction, where the Bankruptcy Court says there's no ability to succeed, and the second injunction is, as you pointed out, Your Honor, that they sold the, that Mr. Blix has sold the Tamarindo property in another case. And that has nothing to do with the ability to succeed in this case. So to go from no ability to succeed, which is a fairly strong statement, to having a substantial likelihood of success, based on something that has nothing to do with the merits of the case, it only has- But was the Tamarindo property was not part of Desert Ranch Holdings? Desert Ranch did own the corporate shares of the company in the United States that owned the Tamarindo property. So by selling the Tamarindo property, he was selling property that was at issue here. Well, see, the only property that was at issue, the only property that would be at issue would be the corporate stock itself. The corporate stock, even if it's involved, even if it's fully owned 100 percent by a debtor, does not convey the interest in the assets owned by the corporation. It's just the stock. So the only thing in Desert Ranch at all was the stock. And because it was subject to a separate action, that can't be a harm to be considered in connection with the Desert Ranch appeal, separate, with the Desert Ranch case separate and apart. It's not a separate, it's not a different issue. And because simply the fact of that sale, which we all know about, doesn't change the ability to prove their case. It doesn't change the likelihood of success on the merits. If anything, it only goes to the value of collection, which it doesn't even do. If you're done with that answer, can you address the question of our jurisdiction? Well, this Court certainly has jurisdiction to review the issuance of an injunction. It's a final appealable order under 1292, Your Honor. Well, no, not really, because the injunction was issued by the Bankruptcy Court, right? Yes, Your Honor. It's not a final order. Well, it's a final appealable order. I mean, under, it would just be the same as if, just because the Bankruptcy Court issued Is it covered by 158A3? I would say it's covered by 1292, as an appeal, an injunction is an appealable order. It wasn't an injunction entered by the District Court. Well, the difference It was a interlocutory order entered by the Bankruptcy Court, which is appealable to the District Court under 158. It's not an injunction entered by the District Court, so I don't see how this is covered by 1292B. Well, this Court has ruled to the contrary on the same exact issue when Mr. Blixath appealed the AP64 injunction. And the case law is Is that a published opinion? I don't think so, Your Honor. Okay. Do you have a published opinion? Yes, and they're cited in the brief. They stand for the proposition in the circuit that simply because Grab your brief and give me a cite. Your Honor, I'm going to just apologize because it's going to take, I think it's going to take too long to pull it up on my, but it is a separate You came to court without your brief? Yes, Your Honor, because I traveled from Miami and I had a lot of, I had some problems with getting You heard of FedEx? Yes, I do, Your Honor. Well, I think you've got a jurisdictional problem. If you're not prepared to discuss it, you're not prepared to discuss it. I am, Your Honor, because they're cited in the brief. Well, what case are you citing? I mean, you must know what case you're relying on. Well, I see the problem. I apologize off the top of my head. I don't remember. I'm happy to submit it as a letter, in a letter to the Court after argument. But you can't really talk about it, right? Oh, I can certainly talk about it. I just can't identify the case for you right here. But I'm happy to do that after we close. As I understand the argument, the opposing argument is that, well, sure, we have jurisdiction over an injunction if the injunction is coming up to us properly. But, in fact, the district court didn't have jurisdiction over the injunction, so there's nothing we can be appealing for. Well, what that rule would ultimately result in, if you go down that line of thinking, Your Honor, is that the bankruptcy court would be able to enter an injunction. It would be reviewable as an appealable order to the district court, and that would be the end of the ---- No. Actually, it's the opposite, is the complaint, as I understand it. It's that the bankruptcy court only had jurisdiction if they agreed to take it voluntarily, which they, or as a matter of discretion, which he didn't exercise as such. And I think you said, well, or someone said, maybe the bankruptcy court, well, you know, we'll assume that he's exercised it. There are three categories of appealable orders from the bankruptcy judge to the district court. This is not a final order, and, therefore, it would be appealable as an interlocutory order only if the bankruptcy, if the district court agreed to take the appeal. And it didn't as such do that. That's the complaint. Your Honor, I respectfully disagree with that conclusion, because what that does is it makes an preliminary injunction, which is otherwise recognized to be an appealable order to this Court, to have less appealability than if it was entered in the district court. There's no rationale for it having ---- So what? So what? I'm sorry. If that's what the statute says, 158a3 says you've got to seek leave from the district court to appeal a nonfinal order. That doesn't enter here. It wasn't entered here, right? Correct. You don't disagree with that? I don't disagree with that, Your Honor. So if it wasn't entered here, the district court didn't have jurisdiction, and so that's the end of the matter. You can go back and try to seek leave, but why isn't that the case? Because what that does, first we can start with the proposition that Rule 65 is the same in the district court as the bankruptcy court, I think is a fair, safe assumption to make. I'm sorry, what does Rule 65 have to say? Federal Rule of Civil Procedure 65. Injunction. Injunction. But we have a specific statute dealing with interlocutory orders of bankruptcy courts, and it says if you want to appeal interlocutory orders to the district court, you've got to grant leave. You didn't touch that base. Exactly, Your Honor, except for one problem. This is not an interlocutory order in the true sense of an interlocutory order such as, for example, a ruling on a motion to amend or a ruling on other aspects of the bank management of bankruptcy. This is an order that is otherwise recognized as a separate appealable order to this court. How can an appealable order, how can an injunction be a final appealable order under 1292 to this court, from the district court, but not be a final appealable order to the district court? Because you have a statute that says that. We have 1292B that specifically says that's appealable. You don't have something like that governing appeals from the bankruptcy court. There's a statute governing one level of appeal, not the other one. Instead, what they say is you've got to get leave. But what you're talking about, Your Honor, is the difference between a generally interlocutory order, which I agree with you needs separate leave of court, and an injunction which I disagree is a typical interlocutory order. It's clearly an interlocutory order. I understand you disagree, and once again, I'm going to have to ask you for some authority over that. I will give that to you. You don't have it. You came to court without your brief, without the excerpts, without anything. Correct, Your Honor. I have it all right there. That's reassuring that you have it there, but it's not helpful to us. You're out of time. Time goes by so fast. Thank you, Your Honor. Good morning. May it please the Court. Kevin Barrett for the trustee here. Your Honor, just to address the jurisdictional question, I think there is a reason why 158 is different from 1292. Bankruptcies are different. They move at a different pace. They have a different feel to them. It's critical in some cases for the bankruptcy courts to act, and sometimes even without Is it too late for the bankruptcy court to enter that order now? To enter the injunction? The leave to take? Not, I don't believe it is. Should we remand to see whether the district court wishes to enter that order? Well, that is exactly what we say in our brief. Could you say the bankruptcy court effectively considered whether or not it should hear the matter? It did consider whether it had jurisdiction. I mean, the district court, I'm sorry. The district court, I'm sorry. It did. It said, is there jurisdiction? It just pointed to the wrong provision. Exactly. It said so. So it considered the question of jurisdiction. Yes, it clearly did. So why isn't that a no? But it misconsidered it, and it considered it to be a final order. How do we know that? It said that specifically? Because he said specifically that it is a final order based upon the finality. Well, let me ask you, with respect to the terms of the injunction, was anything further contemplated regarding the injunction? Yes. What? In terms of further proceedings. I mean, were there further proceedings on the injunction? On the injunction itself. That particular one, no. No. But bearing in mind that this was a He granted the injunction, and that was it. Further proceedings were contemplated on the underlying litigation. Well, no. Further proceedings were contemplated on this injunction, because this injunction was just a channeling injunction. You can't sell property without coming back to me. And that never happened. And that, I think, is critical, because it really turns this from There's no argument that that is a final order. It's purely interlocutory, because it really didn't finally determine anything. Especially administrative. It was administrative. Exactly correct. And didn't bar him from selling any property or doing anything other than having to come back to the court to ensure that he was not doing something to prejudice the trust or doing something illegal. And we've obviously seen And you would essentially say, for the same reason, it's not a Stern problem. The Stern problem is slightly different. I believe Stern applies only to final judgments. I think it's pretty clear that that's true. It does not apply to other orders. Even final orders. And there is a case, the Quigley case in the Second Circuit, which said exactly that. This is a final order, it said. It was an injunction enforcing the automatic state. It is a final order, but Stern doesn't apply to it. Because it's not a final judgment. It doesn't determine any state law issues. It doesn't have any sort of judgment effect, if you will. It's just an order. And this was a preliminary injunction. Preliminary injunction, correct. It didn't determine anything on the success of the merits. It determines success on the merits, but that's not a binding decision. It's not even exactly a preliminary injunction. Maybe it was called that, but it was sort of an order or an aid of jurisdiction or something. In essence, it very much was. It very much was. Because it wasn't related to the ultimate relief request. What was the ultimate relief request? In our motion? In the underlying case. In the underlying case, it is to avoid and recover back property that was fraudulently transferred. This is not preliminary as to that. It's just a sort of along-the-way order to allow one to get to the merits that came. Correct. In order to fashion effective relief. You need to have some property that's there that's recoverable. And that's exactly the problem that we ran into. What was your solution to deal with the jury? Assuming there is a jurisdictional problem, what's your solution to deal with it? Well, the jurisdictional issue, it makes a difference in this case. It is reviewable. Connecticut National Bank case makes that clear. It is reviewable under 1292. But it makes a difference in this case. The district court needs to make that determination. If it makes the determination . . . Are you saying it's reviewable if the district court issued a proper order? Correct. Conjunction. You have to look at exactly what happens. If the district court were to decide there's no reason to take this appeal and I'm not going to accept this appeal, that is not reviewable by this court. That ends it. That ends it completely. If, however, the district court were to decide, yes, I'm going to take this appeal and then affirm that's reviewable. And under what statute is it reviewable by us? It's under . . . 1292? 1292 Connecticut National Bank, yes. Okay. So that makes a difference. And that's why we raise the appellate jurisdiction argument because it does make a difference. And it is an important consideration to take because either this court does, if the district court does what it's supposed to do, it either does or this court either does or does not have jurisdiction. Do you want to address the merits of the injunction at all? Yes, Your Honor. I don't think there's any question that this injunction was absolutely essential and necessary. This was a case, and Mr. Stoneman ignores the fact, that the injunction in the Tamarindo case was critical in this case because the trust had previously moved for a preliminary injunction back in 2010 in this case to freeze the Desert Ranch assets. But the bankruptcy court denied that because of the Tamarindo existence, of the Tamarindo injunction. That protected the trust, and therefore it denied the trust motion to enjoin any further Desert Ranch transfers. That obviously was a mistake and absolutely predestines what happened the second time around. And Mr. Stoneman says that there was a finding of fact in the first case that there was no likelihood of success. He admits in his reply brief that that doesn't really matter. You can decide, you can change your mind as the case goes along. But the other thing to bear in mind is that is really not what the court decided in the first case. He really did not decide that there was no likelihood of success on the merits. He said it, he said it pretty clearly, but the rest of the opinion dealt with the fact that the Tamarindo injunction was in place and therefore it's not necessary to impose another injunction in the Desert Ranch case. Well, which would be why essentially if the Tamarindo money was sufficient to satisfy the estate or the problem, then there wouldn't be success on the merits because there would be no reason to, there'd be no reason, money wouldn't matter. There'd be some other basis. There was no irreparable harm perhaps to the trust because it was protected. There was no balancing of the equities because the trust was protected. But there might ultimately be no damages either. That could be the case as well. And that's why there would be no success on the merits, because there'd be no damages. Correct. Any number of different reasons, but what ended up happening was the court said no success on the merits, but it really wasn't saying that. And the rest of its opinion doesn't say that. So here, and there clearly is success on the merits in this case. Judge Kershaw had a full litigated trial in which Mr. Blixith participated completely and totally. He came to the conclusion that the Desert Ranch transfers were part of Tim Blixith's actual intent to hinder, delay, or defraud the trust and his creditors. There's no question that there's success on the merits in this case. No question. And in fact, that finding and the judgment very well may be collateral estoppel as to not only Tim Blixith but as to Desert Ranch, because there is no real separate identity between those two. So I believe we have all of the elements of the injunction that are in place. It is absolutely a critical decision, given what happened in Tamarindo, that that injunction had been put in place. Unless you have anything else, Your Honor? Okay. Thank you. Thank you. You had eight seconds. We'll give you a minute. I just would like to let the court know, In Re, Excel Innovations, 502 F3rd, 1086, 1092, 9th Circuit, 2007. These are the three cases that talk about the appealability of a bankruptcy court injunction. If you ask for it, Your Honor. In Re, Kami, K-A-M-I-E. I mean, A-I. I'm sorry. Excel litigation. Yeah. Excel Innovations. In Excel Innovations is a case where the district court did not grant a leave to . . . Correct. The issue was, is the bankruptcy court's injunction an appealable order to this court after the district court rules on it? And the answer was yes. When the district court did not grant leave to an appealable interlocutory order? Correct.  It just addressed the issue. And in Re, Kami, which is K-A-M-I . . . I mean, A-I, which is a bankruptcy appellate panel case . . . I think Excel Innovations was a final order. Excel Innovations talked directly about the issue of an appealable bankruptcy court injunction. But it was a final order. There were no further proceedings contemplated in that case. That's not my recollection. But I'll have to . . . I believe that's not the case. I believe it's the issue . . . . . . although the parties in the bankruptcy court labeled the injunction preliminary. Nothing in the record indicates that the bankruptcy court contemplated further proceedings on the injunction. Except that it was a preliminary injunction. It wasn't a final . . . it wasn't a . . . It was designated a preliminary injunction, but there were no further proceedings. So, we held it was a final judgment. So, it doesn't help you. But that wasn't the basis for granting . . . for having appellate review. And, in addition, the Kamai case, which is a 316 bankruptcy reporter, 544, 9th Circuit BAP, 2004 . . . And, Enright, Tucson Estates, 912F2nd, 1162, from this court in 1990. These all deal with the issue of . . . Well, the BAP case would not have this issue because BAP doesn't consider cases that are appealed to district court. So, it couldn't possibly have any bearing on this case. Well, what the BAP case . . . what it does say, though, is . . . This is why it's useful to have actual cases when you come to court. Well, what the BAP case does say, Your Honor, is that it is . . . that there is . . . that 1292 applies. And, it doesn't talk about the issue of getting leave to bring an appeal, like we were discussing as a regard . . . in regards to the district court granting leave for an interlock . . . to appeal an interlock . . . I see. It held that 1292B applies to appeals to the BAP. And, the Bankruptcy Appellate Panel, while you're absolutely correct, Judge Kuczynski, that it's more analogous to the actions taken by the district court, it still addresses that issue in a way which is favorable to this court's jurisdiction. And, again, this is also something the court addressed in the prior appeal of 1864. Thank you. Thank you very much, Your Honor. Okay, Mr. Kuczynski, we'll stand for a minute.
judges: Kozinski, Paez, Berzon